**William Rehwald, SB#51396**
**Lawrence M. Glasner, SB#142677**
**Daniel R. Chaleff, SB#173028**
**Kevin Rehwald, SB#255334**
**REHWALD GLASNER & CHALEFF**
**A Professional Corporation**
5855 Topanga Canyon Blvd., Suite 400
Woodland Hills, California 91367
Telephone: (818) 703-7500 Facsimile: (818) 703-7498

Attorney for Plaintiff JESSE VERMILLION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSE VERMILLION, an Individual,<br><br>Plaintiff<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, a Maryland Corporation and Does 1 through 50 Inclusive<br><br>Defendants | Case No. 1:08-CV-01069-LJO-SMS<br><br>**STIPULATION TO FILE A SECOND AMENDED COMPLAINT TO ADD ADDITIONAL DEFENDANTS;**<br><br>**ORDER** |

COMES NOW, Plaintiff JESSE VERMILLION, by and through his attorneys, REHWALD GLASNER & CHALEFF, Defendant CORRECTIONS CORPORATION OF AMERICA, by and through its attorneys, GLEASON & FAVAROTE, CCA OF TENNESSEE, LLC, by and through its attorneys,

PDF created with pdfFactory trial version www.pdffactory.com

GLEASON & FAVAROTE, and CCA OF TENNESSEE, INC., by and through its attorneys, GLEASON & FAVAROTE, stipulate as follows:

That Plaintiff JESSE VERMILLION may file a Second Amended Complaint to add the additional defendants, CCA OF TENNESSEE, LLC and CCA OF TENNESSEE, INC. The additional defendants will be represented by current defense counsel, GLEASON & FAVAROTE, LLP. Attached hereto as Exhibit "1" is a copy of the proposed Second Amended Complaint.

CCA OF TENNESSEE, LLC and CCA OF TENNESSEE, INC. will waive service under FRCP 4(d)(1). Answers will be due 45 days from the date the request for waiver is sent.

Dated: January 22, 2009

GLEASON & FAVOROTE, LLP.

/s/ Richard Chen
By:______________________________
RICHARD Y. CHEN
Attorney for Defendants

Dated: January 22, 2009

REHWALD GLASNER & CHALEFF

/s/ Kevin Rehwald
By:____________________________________
KEVIN REHWALD
Attorney for Plaintiff
JESSE VERMILLION

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

Upon Stipulation of the parties, it is hereby ordered that Plaintiff JESSE VERMILLION is permitted to file a Second Amended Complaint to add additional defendants, CCA OF TENNESSEE, LLC and CCA OF TENNESSEE, INC., who will be represented by current defense counsel GLEASON & FAVAROTE LLP.

The Second Amended Complaint, attached to the Stipulation as Exhibit "1" shall be filed forthwith with an amended Summons. CCA OF TENNESSEE, LLC and CCA OF TENNESSEE, INC. will waive service under FRCP 4(d)(1) and will have 45 days to file an Answer from the date the request for waiver is sent.

Second Amended Complaint shall be filed by the Plaintiff's within 5 days from service of this Order.

IT IS SO ORDERED.

January 21, 2009
DATED

/s/ Sandra M. Snyder
HONORABLE SANDRA M. SNYDER
United States Magistrate Judge

PDF created with pdfFactory trial version www.pdffactory.com

**William Rehwald, SB#51396**
**Lawrence M. Glasner, SB#142677**
**Daniel R. Chaleff, SB#173028**
**Kevin Rehwald, SB#255334**
**REHWALD GLASNER & CHALEFF**
**A Professional Corporation**
5855 Topanga Canyon Blvd., Suite 400
Woodland Hills, California 91367
Telephone: (818) 703-7500 Facsimile: (818) 703-7498

Attorney for Plaintiff JESSE VERMILLION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSE VERMILLION, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, a Maryland Corporation, CCA OF TENNESSEE, LLC, a Tennessee Limited Liability Company, CCA OF TENNESSEE, INC., a Tennessee Corporation, and DOES 1 through 50 Inclusive,<br><br>Defendants. | Case No. 1:08-CV-1069-LJO-SMS<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. Wrongful Termination in Violation of Public Policy<br>2. Failure To Reasonably Accommodate Plaintiff's Disability<br>3. Failure To Engage in an Interactive Process<br>4. Disability Discrimination<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JESSE VERMILLION and alleges as follows:

PDF created with pdfFactory trial version www.pdffactory.com

**PRELIMINARY ALLEGATIONS**

1. Plaintiff JESSE VERMILLION is an individual, who at all times mentioned herein was residing in California, County of Kern.

2. Defendant CORRECTIONS CORPORATION OF AMERICA is a Maryland Corporation, authorized to do business in California, with locations in the County of Kern.

3. Defendant CCA OF TENNESSEE, LLC is a Limited Liability Company, created under the laws of Tennessee, authorized to do business in California, with locations in County of Kern.

4. Defendant CCA OF TENNESSEE, INC. is a Tennessee Corporation, authorized to do business in California, with locations in County of Kern.

5. Plaintiff is informed and believes that Defendant CCA OF TENNESSEE, LLC was his employer and is therefore liable for all allegations herein. However, Plaintiff has yet to ascertain the nature of the relationship between said Defendant and the other Defendants CORRECTIONS CORPORATION OF AMERICA and CCA OF TENNESSEE, INC. Therefore, Plaintiff alleges based on information and belief that all said Defendants were his joint-employers. Plaintiff will refer to these Defendants collectively as "CCA" and allege all causes of action against them jointly.

6. The full extent of the facts linking the fictitiously designated

PDF created with pdfFactory trial version www.pdffactory.com

Defendants with the causes of action alleged herein is unknown to Plaintiff. In addition, the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 50, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of the Court to amend this Complaint to show their true names and capacities when ascertained. Said Defendants are sued as principals and/or agents, and employees of said principals, and all of the acts performed by them as agents, and employees were performed within the course and scope of their authority and employment. Based on information and belief, Plaintiff alleges that each and every Defendant designated as a DOE was responsible for the events referred to herein and in some manner caused the injuries to the Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

7. At all times herein mentioned, each act of the Defendants and the supervisors and the employees of each Defendants are the acts of each other Defendant because said persons or entities were the parent company, principals, owners, supervisors, employees, and/or co-venturers of said Defendant, and further, upon discovery of said acts, Defendant ratified and adopted such action and activity.

8. Plaintiff was a seven-year employee of CCA who worked as a prison



PDF created with pdfFactory trial version www.pdffactory.com

guard at the California City Corrections Center. Plaintiff was an exemplary employee during his seven years of service.

9. In March of 2007, Plaintiff was attacked by a prison inmate, who injured Plaintiff's elbow, back and shoulder. As a result, Plaintiff was forced to file a workers' compensation claim based on those injuries. After filing the claim, CCA branded Plaintiff a trouble maker and legal threat to the company.

10. In June 2007, Plaintiff began to suffer from extreme pain in his feet caused by constant standing on the job. Plaintiff was unable to stand for more than a few moments, let alone the entire day. He began bringing a chair when CCA assigned him to shifts that required standing all day.

11. On one occasion, over the loudspeakers, Captain Clark told Plaintiff to take the chair out of the hallway. Plaintiff went to Mr. Clark and informed him that he had substantial pain in his feet and had trouble standing. Plaintiff asked if he could sit down while performing his duties. Mr. Clark refused to let Plaintiff sit down and refused to assign Plaintiff to a shift that did not require standing.

12. Plaintiff again informed Mr. Clark that it was difficult to stand all day, and that if Mr. Clark refused to reasonably accommodate his foot condition, Plaintiff needed to file a workers' compensation claim. Apparently angered by Mr. VERMILLION's prior workers' compensation claim, Clark told Plaintiff that he would have to visit his own doctor. Plaintiff asked Mr. Clark if he was refusing to

PDF created with pdfFactory trial version www.pdffactory.com

let him see a workers' compensation doctor. Mr. Clark then allowed Plaintiff to see the workers' compensation doctor.

13.     The doctor put Plaintiff on light duty. However, Mr. Clark and CCA still required Plaintiff to stand all day and intentionally assigned him to shifts that required standing. The Warden also told Plaintiff that he had to stand all day. Mr. Clark and the Warden then began making derogatory comments about Plaintiff's foot condition, insinuating that it was caused by his weight. For instance, Mr. Clark saw Plaintiff sitting and said "so you're too heavy to do your job now."

14.     Feeling pressure to ensure his feet properly healed, Plaintiff underwent gastric bypass surgery on August 6, 2007. Plaintiff has subsequently lost at least 80 pounds. As a result of the surgery, Plaintiff missed some work.

15.     CCA fired Plaintiff shortly after he returned from his gastric bypass surgery. On September 17, 2007, CCA terminated Plaintiff under the pretext that he used excessive force on an inmate and filed a false report regarding the incident. The purported incident occurred on March 23, 2007, approximately 3 months prior to the workers' compensation complaint and five months before the termination. On March 23, 2007, an inmate made a false charge of excessive force against Plaintiff after telling Plaintiff that he was going to get him in trouble. Plaintiff made a true report that he did not use excessive force on the inmate.

16.     Plaintiff asked CCA why it did not perform an investigation. The

PDF created with pdfFactory trial version www.pdffactory.com

Warden told Plaintiff that CCA concluded the investigation months earlier, but "wanted to wait to see what happened," implying CCA was not really concerned about the incident and instead used the incident as a guise to terminate Plaintiff in retaliation for filing a workers' compensation claim and because he was disabled. Plaintiff asked that a proper investigation be completed and volunteered to take a lie detector test. CCA refused, stating that prison security demanded that he be fired immediately, regardless of the fact that CCA sat on the investigation results for five months.

17.     Plaintiff has exhausted his administrative remedies by filing complaints with the Department of Fair Employment and Housing.

18.     Plaintiff was able to perform the essential functions of his position. The essential functions of a prison guard position only require standing for long periods of time in certain assigned shifts, such as when guarding the mess hall and other areas where inmates were regularly situated. However, Plaintiff is informed and believes that other assignments, including but not limited to, bus driving and operation of other motor vehicles were available to CCA into which Plaintiff could have been placed. Specifically, Plaintiff is informed and believes that he was qualified to drive buses and operate other motor vehicles.  He was able to perform the essential functions of this position as his disability only impacted his ability to stand, not drive. In addition, Plaintiff lost 80 lbs. a short time after his termination

PDF created with pdfFactory trial version www.pdffactory.com

and therefore was able to stand for extended periods of time shortly thereafter. Plaintiff is informed and believes that a finite leave, of a period less than 12 weeks, would also have been a reasonable accommodation and should have been extended. Plaintiff is also informed and believes that other clerical positions and positions that did not require standing were available at CCA when Plaintiff requested light duty and Plaintiff is unaware of the precise positions only because that information is in the custody and control of Defendant CCA. Plaintiff could perform the essential functions of these positions as his disability only prohibited his ability to stand for extended periods.

19.     Plaintiff is informed and believes that the Warden of the Prison is the one who personally made the decision to terminate Plaintiff's employment. He made this decision because Plaintiff filed for workers' compensation and because he viewed Plaintiff as disabled. In that regard, the Warden falsified a pretext for the termination, claiming the old and stale report that excessive force required a swift and immediate termination which was necessary for the safety of the prison. The Warden is personally responsible for overseeing the prison, with 2,304 beds that employed approximately 150 employees during Plaintiff's employment. The Warden was responsible for the oversight of all prison employees. The prison itself cost $110 million to build and the contract with the Federal Government is worth $529 million at the end of ten years. The Warden's responsibilities over the

PDF created with pdfFactory trial version www.pdffactory.com

prison are such that he is a managing agent under California law with respect to punitive damages.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

20. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 19 of the Preliminary Allegations, as though fully set forth herein.

21. Terminating an employee in retaliation for exercising rights under the workers' compensation statutes, Labor Code §3600 et seq. violates public policy.

22. Defendant CCA terminated Plaintiff in retaliation for exercising rights to see a workers' compensation doctor. This termination violated public policy.

23. As a direct and proximate result of CCA's conduct in wrongfully terminating Plaintiff's employment, he has suffered lost wages, humiliation, worry, anxiety, stress and other emotional distress in an amount to be proven at trial.

24. The conduct of CCA in terminating Plaintiff's employment was fraudulent, oppressive, malicious and despicable, thereby entitling Plaintiff to an award of punitive damages. California law recognizes a fundamental right not to be terminated for an unlawful reason and that this right inures to each individual employee. Terminating an employee is an intentional act, and terminating an employee in violation of their legally recognized acts is recognized as tortuous under California law. CCA's termination of Plaintiff constitutes both "malice" and

PDF created with pdfFactory trial version www.pdffactory.com

"oppression" as defined by Civil Code section 3294 because it was an intentional act that was carried out with willful and conscious disregard for Plaintiff's right not to be fired for a reason that violates public policy. The termination was also despicable conduct that subjected him to an unjust hardship of losing employment for a reason that violated the law.

**SECOND CAUSE OF ACTION**

**FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF'S DISABILITY**

25. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 19 of the Preliminary Allegations, as though fully set forth herein.

26. Under Government Code section 12940(m), employers must make reasonable accommodations for the known disabilities of its employees to enable them to perform the essential functions of their positions. At all times herein, Defendant was an employer within the definition of the Fair Employment and Housing Act.

27. Plaintiff's foot problem constituted physical disability under Government Code section 12926(k)(1) because it was a chronic condition that affected his musculoskeletal system and limited major life activities, including his ability to walk, stand and work. In addition, CCA regarded Plaintiff as having a physical disability that limited major life activities.

PDF created with pdfFactory trial version www.pdffactory.com

28. Defendant was aware of Plaintiff's foot condition, which gave rise to an affirmative duty to reasonably accommodate that disability.

29. Defendant failed to reasonably accommodate Plaintiff's disability in that it refused to honor his request for shifts that did not require excessive standing and by refusing to allow him to sit down when his shifts required excessive standing.

30. As a result of Defendant's failure to reasonably accommodate Plaintiff's disability, he suffered physical pain, anxiety, worry, humiliation, and a deterioration of his condition which required gastric bypass surgery to correct.

31. Defendant's conduct in failing to reasonably accommodate Plaintiff's foot disability was malicious, oppressive and despicable, thereby entitling Plaintiff to an award of punitive damages. California law recognizes a fundamental right that disabled employees be given a reasonable accommodation in the work place. This right inures to each individual employee. Refusing an employee a reasonable accommodation is an intentional act, and a violation of a legally recognized right defined under California law in FEHA. CCA's refusal to accommodate Plaintiff's disability constitutes both "malice" and "oppression" as defined by Civil Code section 3294 because it was an intentional act that was carried out with willful and conscious disregard for Plaintiff's rights granted under FEHA. It was also despicable conduct that subjected him to an unjust hardship of losing employment

PDF created with pdfFactory trial version www.pdffactory.com

and being forced to perform functions that further accentuated Plaintiff's disability.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS**

32. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 19 of the Preliminary Allegations, as though fully set forth herein.

33. Under California Government Code section 12040(n), it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with a disabled employee to determine effective reasonable accommodations in response to a request for reasonable accommodations by an employee with a known physical disability or known medical condition. At all times herein, Defendant was an employer within the definition of the Fair Employment and Housing Act.

34. Plaintiff's foot problem constituted physical disability under Government Code section 12926(k)(1), because it was a chronic condition that affected his musculoskeletal system and limited major life activities, including his ability to walk, stand and work. In addition, CCA regarded Plaintiff as having a physical disability that limited major life activities.

35. Plaintiff requested a reasonable accommodation from CCA when he requested to be allowed to sit down while assigned to shifts that involved extended standing, or to be assigned to shifts that did not require excessive standing.

36. Defendant, with full knowledge of Plaintiff's disability, refused and

PDF created with pdfFactory trial version www.pdffactory.com

failed to engage in a timely, good faith interactive process.

37.  As a result of Defendant's failure to engage in an interactive process with respect to Plaintiff's disability, he suffered physical pain, anxiety, worry, humiliation, and a deterioration of his condition which required gastric bypass surgery to correct.

38.  Defendant's conduct in failing to engage in an interactive process with respect to Plaintiff's foot disability was malicious, oppressive and despicable, thereby entitling Plaintiff to an award of punitive damages. California law recognizes a fundamental right that disabled employees be given the right to an interactive process with employers whereby a suitable accommodation can be determined. This right inures to each individual employee. Refusing an employee the right to engage in an interactive process is an intentional act, and a violation of a legally recognized right defined under California law in FEHA. CCA's refusal to engage in an interactive process regarding Plaintiff's disability constitutes both "malice" and "oppression" as defined by Civil Code section 3294 because it was an intentional act that was carried out with willful and conscious disregard for Plaintiff's rights granted under FEHA. It was also despicable conduct that subjected him to an unjust hardship of losing employment and being forced to perform functions that further accentuated his disability.

PDF created with pdfFactory trial version www.pdffactory.com

**FOURTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

39. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 19 of the Preliminary Allegations, as though fully set forth herein.

40. California Government Code section 12940(a) prohibits employment discrimination on the basis of physical disability, mental disability and medical condition. At all times herein, Defendant was an employer within the definition of the Fair Employment and Housing Act.

41. Plaintiff's foot problem constituted physical disability under Government Code section 12926(k)(1) because it was a chronic condition that affected his musculoskeletal system and limited major life activities, including his ability to walk, stand and work. In addition, CCA regarded Plaintiff as having a physical disability that limited major life activities.

42. Defendant discriminated against Plaintiff on the basis of his disability by terminating him because he suffered from his foot condition.

43. As a direct and proximate result of CCA's conduct in wrongfully terminating Plaintiff's employment, he has suffered lost wages, humiliation, worry, anxiety, stress and other emotional distress in an amount to be proven at trial.

44. The conduct of CCA in terminating Plaintiff's employment was fraudulent, oppressive, malicious and despicable, thereby entitling Plaintiff to an

PDF created with pdfFactory trial version www.pdffactory.com

award of punitive damages. California law recognizes a fundamental right that disabled employees not be subjected to discrimination in the terms and conditions of employment. This right inures to each individual employee. Disparate treatment of disability discrimination, the variety alleged herein, is recognized to be an intentional act, and a violation of a legally recognized right defined under California law in FEHA. CCA's disability discrimination constitutes both "malice" and "oppression" as defined by Civil Code section 3294 because it is by definition an intentional act that must be carried out with willful and conscious disregard for Plaintiff's rights granted under FEHA. It was also despicable conduct that subjected him to an unjust hardship of losing employment and being forced to perform functions that further accentuated Plaintiff's disability.

**WHEREFORE**, Plaintiff prays for the following relief:

1. General and special damages according to proof;
2. Attorneys' fees under Government Code § 12965;
3. Costs of the suit incurred;
4. Punitive damages according to proof; and
5. All other such relief as this Court deems proper and just.

Dated: January 22, 2009

REHWALD GLASNER & CHALEFF

/s/ Kevin Rehwald

By:________________________________

KEVIN REHWALD

Attorney for Plaintiff JESSE VERMILLION

PDF created with pdfFactory trial version www.pdffactory.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues and causes of action asserted herein.

Dated: January 22, 2009

REHWALD GLASNER & CHALEFF

/s/ Kevin Rehwald

By:_________________________________

KEVIN REHWALD
Attorney for Plaintiff JESSE VERMILLION

PDF created with pdfFactory trial version www.pdffactory.com