IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VERMILLION, | CASE NO. CV F 08-1069 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA, | |
| Defendant. | |

By notice filed on March 12, 2009, newly added defendants CCA of Tennessee, LLC and CCA of Tennessee, Inc. (collectively "CCA" or "defendant") move to dismiss plaintiff's second, third and fourth causes of action in the Second Amended Complaint ("SAC") on the grounds that plaintiff failed timely to exhaust his administrative remedies. Plaintiff Jesse Vermillion ("Mr. Vermillion" or "plaintiff") filed an opposition on March 30, 2009. Defendants filed a reply on April 6, 2009. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument. Therefore, the hearing set for April 13, 2009 was VACATED. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

## BACKGROUND[1]

### Mr. Vermillion's Foot Condition And Workers' Compensation Claim

Mr. Vermillion was a seven-year CCA employee and worked as a prison guard at the California

---

[1] The factual recitation is derived generally from Mr. Vermillion's second amended complaint ("SAC"), the target of CCA's challenges.

1

City Corrections Center.[2] In March 2007, an inmate attacked Mr. Vermillion injuring Mr. Vermillion's elbow, back and shoulder. Mr. Vermillion claims that after he filed a workers' compensation claim, CCA branded him "a trouble maker and legal threat to the company." (Doc. 37, SAC ¶9.)

In June 2007, Mr. Vermillion began to suffer extreme foot pain from constant standing on the job. Mr. Vermillion was unable to stand for more than a few minutes and used a chair when required to stand all day. Captain Clark[3] refused to allow Mr. Vermillion to sit and to assign Mr. Vermillion to shifts with no standing. On one occasion, Captain Clark told Mr. Vermillion over loudspeakers to remove his chair from a hallway. (Doc. 37, SAC ¶11.)

Mr. Vermillion informed Captain Clark that Mr. Vermillion needed to file a workers' compensation claim if Captain Clark "refused to reasonably [sic] accommodate his foot condition." After Captain Clark told Mr. Vermillion that Mr. Vermillion would need to visit Mr. Vermillion's personal physician, Captain Clark allowed Mr. Vermillion to see a workers' compensation physician who placed Mr. Vermillion on light duty. CCA and Captain Clark continued to require Mr. Vermillion to stand "all day" and assigned Mr. Vermillion to shifts that required standing. The Warden[4] told Mr. Vermillion that Mr. Vermillion needed to stand all day.

Captain Clark and the Warden began to make "derogatory comments" about Mr. Vermillion's foot condition to insinuate that it was caused by his excessive weight. Captain Clark saw Mr. Vermillion sitting and said "so you're too heavy to do your job now." Mr. Vermillion underwent an August 6, 2007 gastric bypass, lost 80 pounds and "missed some work."

### **Mr. Vermillion's Termination**

On September 17, 2007, "shortly after" Mr. Vermillion returned from his gastric bypass, CCA terminated Mr. Vermillion's employment on grounds that on March 23, 2007, he had "used excessive force on an inmate and filed a false report regarding the incident." Mr. Vermillion attributes the inmate to making "a false charge of excessive force" after telling Mr. Vermillion that the inmate "was going

---

[2] CCA, a private entity, apparently contracted with the federal government to provide corrections officer services for the California City Corrections Center.

[3] The SAC identifies an apparent CCA supervisor as merely "Captain Clark."

[4] The SAC identifies the apparent warden of the California City Corrections Center as merely "Warden."

to get him in trouble." When Mr. Vermillion asked why no investigation had been performed, the Warden told Mr. Vermillion that CCA had concluded an investigation months earlier but "wanted to wait to see what happened." Mr. Vermillion claims the Warden's comment reveals that the inmate incident was a "guise" to terminate Mr. Vermillion to retaliate for his filing a workers' compensation claim and because he was disabled.

## **Mr. Vermillion's Claims**

On March 3, 2008, plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH") against the employer named as "California City Correctional Center" (the "March 2008 DFEH complaint"). The March 2008 DFEH complaint was purportedly served on "California City Correctional Center." Upon receiving a right to sue letter, plaintiff filed his complaint in Federal Court against who he believed was his employer, "Corrections Corporation of America, a Maryland Corporation." Plaintiff thereafter learned that his actual employer was "CCA of Tennessee, LLC," one of the newly named defendants in the case. (Doc. 43, Opposition p. 4.) Plaintiff amended the complaint by naming CCA of Tennessee LLC and CCA of Tennessee, Inc. as defendants in this action. On December 24, 2008, Mr. Vermillion filed another administrative claim with the DFEH naming CCA of Tennessee as the employer. ("December 2008 DFEH complaint.")

The SAC alleges three causes of action for violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §§ 12900, et seq., arising from Mr. Vermillion's "foot" disability. More specifically, the SAC alleges:

 1. A (second) cause of action for failure to reasonably accommodate disability in that CCA refused Mr. Vermillion's request for shifts without excessive standing and to allow him to sit during excessive standing shifts;
 2. A (third) cause of action for failure to engage in interactive process in that CCA fully knew of Mr. Vermillion's disability and refused "to engage in a timely, good faith interactive process" required by California Government Code section 12940(n); and
 3. A (fourth) disability discrimination cause of action that CCA discriminated against Mr. Vermillion "on the basis of his disability by terminating him because he suffered from his foot condition."

3

# CCA's MOTION TO DISMISS

**A.     F.R.Civ.P. 12(b)(6) Standards**

CCA seeks F.R.Civ.P. 12(b)(6) dismissal of the SAC's three FEHA causes of action on the grounds of failure to exhaust administrative remedies. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). With these standards in mind, this Court

addresses CCA's challenges to Mr. Vermillion's FEHA causes of action.

**B.      Exhaustion of Administrative Remedies**

Defendant argues that the FEHA causes of action are time barred. Defendant argues the causes of action for failure to accommodate (second cause of action), failure to engage in the interactive process (third cause of action) and disability discrimination (fourth cause of action) are time barred for failure to exhaust administrative remedies. Defendant argues the alleged unlawful conduct occurred more than one year before December 24, 2008, the date plaintiff filed his administrative claim with the Department of Fair Employment and Housing.

The FEHA prohibits various kinds of unlawful employment practices. Gov.Code, § 12940. It is an unlawful employment practice "[f]or an employer, because of the disability ... of any person, to refuse to hire or employ the person or ... to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Gov.Code §12940(a). The FEHA provides detailed procedures and remedies to deter and redress unlawful employment practices. See Gov.Code § 12920.5. Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the DFEH and must obtain from the DFEH a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA. Gov.Code, §§ 12960, 12965 (b); *Rojo v. Kliger*, 52 Cal.3d 65, 88 (1990). Government Code §12960 requires claimants to file their administrative charges within one year of the alleged violations of FEHA. The "timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA." *Romano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 492, 59 Cal.Rptr.2d 20 (1996). The complaint must be filed within one year of the last alleged unlawful action. Gov.Code § 12960 ("no complaint for any violation of its provisions may be filed with the Department "after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred"); *see Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th at 491 (statutory period runs from date of wrongful termination, not from earlier date on which employee learned he would be terminated.)

The deadlines to file complaints with the DFEH, however, are not jurisdictional prerequisites. Both the one-year deadline for filing DFEH charges, and the one-year limit for commencing suit after issuance of a right-to-sue letter, are statutes of limitations subject to equitable tolling. The limitations

are not jurisdictional prerequisites which cannot be waived. *Downs v. Department of Water & Power of City of Los Angeles*, 58 Cal.App.4th 1093, 1102, 68 Cal.Rptr.2d 590, 595 (1997) (Tolling the one-year statute satisfies the policy considerations of, among other things, providing timely notice of claims to defendants, without imposing the costs of forfeiture on plaintiffs); *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 819 (9th Cir. 2002) (applying Calif. law).

Plaintiff alleges that he was injured in March 2007, and was terminated on September 17, 2007. (SAC ¶9, 15.) The alleged wrongful conduct for which plaintiff seeks damages occurred on or before the termination on September 17, 2007 and culminated with the termination on September 17, 2007. Therefore, plaintiff had until, at the very latest, September 17, 2008 to file his DFEH complaint challenging his termination. Plaintiff filed his DFEH charge against these defendants on December 24, 2008. Plaintiff's DFEH claim was filed more than one year after the alleged wrongful conduct. On these bare facts, plaintiff's DFEH claims would be barred under the language of Government Code §12960.

**C.     Equitable Principals**

In his opposition to the motion to dismiss, plaintiff acknowledges that there has been a technical failure to timely file his DFEH complaint against CCA. Plaintiff acknowledges that the March 2008 DFEH complaint failed to correctly identify plaintiff's employer. The March 2008 DFEH complaint identified the institution where plaintiff was employed, but not the correct legal entity employing plaintiff. The later, December 2008 DFEH complaint then corrected the misidentification and named plaintiff's employer, defendant CCA of Tennessee.

Plaintiff argues that his FEHA claims should not be dismissed for failure to exhaust. Plaintiff argues that the exhaustion requirement of the FEHA is subject to several equitable considerations. Equitable tolling, relation back and equitable estoppel warrant the Court hearing the FEHA claims on their merits and not dismissing them at this juncture. Plaintiff argues that these principals must apply to prevent gamesmanship by CCA and avoid a technical forfeiture of meritorious claims.

Plaintiff argues that equitable tolling of the statute of limitations applies here because plaintiff reasonably and in good faith pursued his remedies against his employer, whom he misidentified as "California City Correctional Center." He correctly identified the facility where he was employed, and

defendant CCA is, in fact, his employer at the facility. Plaintiff further argues that December 2008 DFEH complaint relates back to his March 2008 DFEH complaint, citing *Rodriguez v. Airborne Express*, 265 F.3d 890 (9th Cir. 2001). The charges are the same, the facts are the same and defendant received notice of the original charge.

### 1. Judicial Notice and Evidence Outside the Pleadings

The parties ask the Court to consider evidence outside the pleadings in ruling on the motion to dismiss. Generally, the court cannot consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion. The Court, however, may consider matters that are proper for judicial notice. A matter that is properly the subject of judicial notice pursuant to Fed.R.Evid. 201 may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The parties do not dispute that the Court may take judicial notice of the administrative claims filed with the DFEH. Defendant has asked the Court to take judicial notice of the DFEH complaint filed on December 24, 2008. Plaintiff has asked the Court take judicial notice of the DFEH complaint filed on March 3, 2008.

The Court, however, cannot consider other material outside the complaint, such as facts presented in briefs, affidavits or discovery materials. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001). The Court cannot consider "new" facts alleged in plaintiff's opposition papers. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998). Plaintiff offers evidence that the defendant had notice of the March 2008 DFEH complaint and that defendant delayed in informing plaintiff of the error. The Court may not consider this evidence on ruling on the motion to dismiss. Nonetheless, this Court may consider the facts argued in the opposition, not as to the merits of the motion, but to clarify the allegations that plaintiff exhausted his administrative remedies with the DFEH. A plaintiff's opposition may always be used "to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230, 120 S.Ct. 2143, 2155, fn. 10 (2000).

The SAC alleges that plaintiff "has exhausted his administrative remedies by filing complaints with the Department of Fair Employment and Housing." (Doc. 37, SAC ¶17.) Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza*

7

*v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173 (1995). Dismissal can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute (had been) tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) ("The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to <u>offer</u> evidence to support the claims") (Emphasis in original.) To defeat a motion to dismiss, plaintiff may argue any set of facts that are consistent with the complaint to show that there is a state of facts within the scope of the complaint that if proved would entitle him to judgment. *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (9th Cir. 1992).

### 2. Equitable Tolling of the Statute of Limitations

Here, plaintiff argues that the facts toll the statute of limitations. Plaintiff argues that the FEHA claims are not time barred because the statute of limitations was equitably tolled. Under California law, equitable tolling rule requires a showing of three elements: "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 102, 84 Cal.Rptr.3d 734, 743 (2008). Equitable tolling "ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d at 1276 ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation.") Thus, equitable tolling is a factually intensive inquiry.

Consistent with this factual inquiry, plaintiff presents facts in his opposition brief that defendant was served with the DFEH complaint and that it had notice from the beginning of the charges against it. Plaintiff argues that defendant "waited out" the statute of limitations before it informed plaintiff that plaintiff had named the incorrect employer. Plaintiff argues that substantial justice, fair play, and equity favor hearing plaintiffs FEHA claims on their merits and not dismissing the claims for a technicality. Plaintiff further argues that defendant has not suffered any prejudice from the failure to properly name it in the March 2008 DFEH complaint.

The applicability of the equitable tolling doctrine depends on factual questions which cannot be clearly resolved in the pleadings. Resolution of equitable tolling requires the Court to look behind the DFEH complaint and into notice, adequacy of notice and prejudice. Reading the complaint with the

required liberality, and with the clarifying arguments presented by plaintiff, the allegations would permit plaintiff to prove that the statute of limitations to file a DFEH complaint had been tolled. The allegations of the complaint do not establish that equitable tolling is inapplicable as a matter of law.

### 3. Defendant's Position that Equitable Tolling is Inapplicable

Defendant argues that "[i]t is clear from the face of the Complaint that Plaintiff's failure to exhaust his administrative remedies was the result of his lack of diligence." (Doc. 45, Reply p.5.) Defendant cites *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003) for the proposition that "once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of his rights." Defendant also cites *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) for the proposition that plaintiff must show his excusable ignorance of the existence of a claim within the limitations period. Equitable tolling does not apply where there is a failure to exercise due diligence in preserving his or her legal rights. *Id.* Defendant argues that plaintiff retained counsel and has failed to show a non-negligent reason for failing to exhaust his remedies.

These cases, however, did not resolve equitable tolling in a motion to dismiss. The issue of equitable tolling was resolved on summary judgment or after trial. *Leong* involved a motion for summary judgment for failure to file an EEOC complaint for discrimination along with other claims with the EEOC. *Santa Maria* involved an appeal after a jury trial. As discussed above, a motion to dismiss involves different evidentiary considerations. The Court may not resolve evidentiary issues outside the pleadings, except in limited circumstances. Further, defendant has not cited any California law for these same propositions.[5]

/////
/////
/////
/////

---

[5] Under the *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) doctrine, federal courts exercising diversity jurisdiction in an action based on state law apply the same rules that state courts would apply to all "substantive" issues in the case; "procedural" matters, however, are controlled by the Federal Rules. *See Walker v. Armco Steel Corp.* (1980) 446 US 740, 750, 100 S.Ct. 1978, 1985.

9

**D.      Remaining Equitable Principles**

Since the Court finds that the motion should be denied, the Court does not reach whether the other equitable principles apply.

## **CONCLUSION**

For the foregoing reasons, the Court Orders as follows:

1. The motion to dismiss the second cause of action is DENIED.
2. The motion to dismiss the third cause of action is DENIED.
3. The motion to dismiss the fourth cause of action is DENIED.

IT IS SO ORDERED.

**Dated:      April 7, 2009**                         /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE